IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:08-CR-38-FL-1
4:11-CV-151-FL

| | |
|---|---|
| DEVINO PATERA PUTNEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On 11 September 2011, pro se petitioner Devino Patera Putney ("petitioner") filed a petition (D.E. 62[1]), pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence ("§ 2255 petition" or "petition"). On 27 October 2011, the court directed the government to file an answer or other appropriate response to the petition. (D.E. 64). On 5 December 2011, the government filed a motion to dismiss the petition (D.E. 65) and memorandum in support (D.E. 66). The petition and motion to dismiss were referred to the undersigned for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings ("§ 2255 Rules"). For the reasons stated herein, it will be recommended that the government's motion to dismiss be granted and that the petition be dismissed.

## BACKGROUND

### I.  Petitioner's Conviction

On 15 May 2008, petitioner was charged by criminal complaint (D.E. 1) with knowingly and intentionally distributing and possessing with the intent to distribute more than 50 grams of

---

[1] An earlier version of the petition was filed at D.E. 60, but petitioner was directed by the court to refile it using the proper form. (*See* 21 Sept. 2011 Order (D.E. 61)). Thereafter, petitioner refiled the petition, the one now pending before the court, which includes the same claims raised in the first petition.

cocaine base (*i.e.*, crack), and a quantity of cocaine powder in violation of 21 U.S.C. § 841(a)(1). Petitioner was subsequently indicted (D.E. 15) for this same offense (ct. 2) and for the additional offense of conspiracy to distribute and possess with the intent to distribute 50 grams or more of cocaine base, 5 grams or more of powder cocaine, and more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846 (ct. 1). On 5 August 2008, petitioner pled guilty (D.E. 21) to count 1 pursuant to a plea agreement (D.E. 23). On 10 December 2008, he was sentenced to 235 months' imprisonment and 5 years' supervised release, and count 2 of the indictment was dismissed pursuant to the plea agreement. (J. (D.E. 42) 1-3).

Petitioner appealed his sentence challenging the three-level leadership enhancement imposed under the United States Sentencing Guidelines Manual ("Guidelines"). *See United States v. Putney*, 377 Fed. Appx. 302, 302 (4th Cir. 2011). On 6 May 2010, the Fourth Circuit dismissed the appeal, in part, on the grounds that petitioner had waived his right to appeal in the plea agreement, but otherwise affirmed the district court's judgment. *Id*. at 303. On 3 September 2011, petitioner filed a petition for a writ of certiorari in the United States Supreme Court. On 11 October 2011, petitioner filed the instant § 2255 petition. On 31 October 2011, the Supreme Court denied the petition for a writ of certiorari. *United States v. Putney*, 132 S. Ct. 523 (2011).

**II.    Petitioner's Claims**

Petitioner asserts that he received ineffective assistance of counsel on the grounds that his counsel: (1) failed to raise the crack/powder cocaine disparity issue under *Kimbrough v. United States*, 552 U.S. 85 (2007) (Pet. 4,[2] Ground 1); (2) failed to challenge the drug quantity attributed to him or to call him to testify on this issue at sentencing (Pet. 5, Ground 2); (3) failed to investigate the government witnesses who provided information used to establish the drug

---
[2] Page citations to the petition are to page numbers assigned by the court's CM/ECF electronic filing system.

amount attributed to him (Pet. 7, Ground 3); and (4) failed to withdraw her representation of petitioner and to testify on petitioner's behalf with respect to a proposed enhancement for obstruction of justice (Pet. 8, Ground 4).

## DISCUSSION

### I. Applicable Legal Principles

#### A. Standard of Review for § 2255 Petitions

Pursuant to 28 U.S.C. § 2255, a prisoner may seek correction or vacation of a sentence on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing § 2255 Proceedings provides that the courts must promptly review § 2255 petitions along with "any attached exhibits, and the record of prior proceedings" to determine if the petitioner is entitled to any relief. § 2255 Rule 4(b). If the court concludes that the petitioner is not entitled to relief, it must dismiss the petition. *Id*. Otherwise, it must direct the United States Attorney to file a response. *Id*. Generally, an evidentiary hearing is required under 28 U.S.C. § 2255 "[u]nless it is clear from the pleadings, files, and records that the prisoner is not entitled to relief." *United States v. Rashaad*, 249 Fed. Appx. 972, 973 (4th Cir. 2007) (citing *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970)).

#### B. Motions to Dismiss under Rule 12(b)(6) in § 2225 Proceedings

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may consider a motion to dismiss pursuant to Rule 12(b)(6) challenging the legal sufficiency of a

3

§ 2255 petition. *See United States v. Reckmeyer*, No. 89-7598, 1990 WL 41044, at *4 (4th Cir. 2 Apr. 1990); *see also Walker v. True*, 399 F.3d 315, 319 (4th Cir. 2005) (vacating district court's order allowing the government's motion to dismiss petitioner's § 2254[3] petition because the district court did not properly apply the Rule 12(b)(6) standard when it failed to assume all facts pleaded by petitioner to be true and considered material not included in the petition); Rule 12, Fed. R. Governing § 2255 Proceedings (expressly allowing the application of the Federal Civil Rules where "they are not inconsistent with any statutory provisions or these [§ 2255] rules"); Fed. R. Civ. P. 81(a)(4) (providing that the Federal Rules of Civil Procedure may be applied in § 2255 proceedings where a particular practice has not been specified by § 2255 and where such practice has "previously conformed to the practice in civil actions").

A motion to dismiss should be granted only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). In analyzing a Rule 12(b)(6) motion, a court must accept as true all well-pled allegations of the challenged complaint. *Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (court must accept as true all factual allegations of the complaint). All reasonable factual inferences from the allegations must be drawn in plaintiff's favor. *Kolon Indus., Inc.*, 637 F.3d at 440 (citing *Nemet Chevrolet Ltd.*, 591 F.3d at 253). However, case law requires that the factual allegations create more than a mere possibility of misconduct. *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Iqbal*, 556 U.S. at 679). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic

---

[3] Title 28 U.S.C. § 2254 also incorporates the Federal Rules of Civil Procedure. *See* Rule 12 of the Federal Rules Governing § 2254 Proceedings; *see also* Fed. R. Civ. P. 81(a)(4).

recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

### C. Ineffective Assistance of Counsel

To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. The reviewing court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Further, "[a] petitioner seeking post-conviction relief bears a heavy burden to overcome this presumption, and the presumption is not overcome by conclusory allegations." *Hunter v. United States*, Civil No. 1:09cv472, Crim. No. 1:06cr251-3, 2010 WL 2696840, at *3 (W.D.N.C. 6 July 2010).

As to the second prong, a petitioner must show that he was prejudiced by the ineffective assistance. *Strickland*, 466 U.S. at 692. This prong is satisfied where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. To demonstrate prejudice with respect to a sentencing proceeding, a petitioner must show a reasonable probability that, but for counsel's deficient performance, he would have received a lower sentence. *See Glover v. United States*, 531 U.S. 198, 202-04 (2001); *see also United States v. Smith*, 497 Fed. Appx. 269, 272 (4th Cir. 2012) ("Prejudice exists when an error results in a longer sentence than would otherwise have been imposed.").

**II.     Absence of Need for an Evidentiary Hearing**

The court has considered the record in this case and applicable authority to determine whether an evidentiary hearing is needed to resolve the matters before the court. The court finds that the existing record clearly shows that petitioner is not entitled to relief on his claims and that an evidentiary hearing is not needed. The court will therefore proceed without an evidentiary hearing.

**III.    Ineffective Assistance of Counsel for Failure to Raise the Crack/Powder Cocaine Disparity Issue under *Kimbrough* (Ground 1)**

Petitioner first asserts that counsel was ineffective in "failing to raise the disparity issue under [*Kimbrough*[4]] to enable the defendant to receive a 1:1 ratio" and that had counsel done so, petitioner would have received a sentence of 188 months instead of 235 months. (Pet. 4). Petitioner has alleged no other facts regarding how his counsel's not seeking a variance under *Kimbrough* constituted ineffective assistance. Specifically, there are no allegations indicating, under the first prong of the *Strickland* test, that counsel's decision not to seek a variance under *Kimbrough* fell below an objective standard of reasonableness. In fact, this court has noted that "[n]othing in *Kimbrough*, or in any other case this court is aware of, requires counsel to make a downward variance request in every crack cocaine case where, in their professional judgment, it would not be beneficial." *Whitley v. United States*, Nos. 7:07-CR-142-FL, 7:09-CV-144-FL,

---

[4] In *United States v. Herder*, the Fourth Circuit succinctly summarized the holding of *Kimbrough* as follows:

> Section 841 of Title 21 of the Code, the statute criminalizing the manufacture and distribution of crack cocaine, and the relevant Sentencing Guidelines, subject crack cocaine traffickers to the same sentence as another dealing in 100 times more powder cocaine. This notable disparity has led the Supreme Court to hold that the offense levels established in the crack cocaine Guidelines, like the Guidelines generally, are not binding. *Kimbrough v. United States*, 552 U.S. 85, 85, 128 S. Ct. 558, 169 L.Ed.2d 481 (2007). Indeed, a district court may categorically reject the ratio set forth by the Guidelines. *Spears v. United States*, ––– U.S. ––––, ––––, 129 S. Ct. 840, 842, 172 L.Ed.2d 596 (2009). A within-Guidelines sentence for crack cocaine distribution may be "greater than necessary" to serve the objectives of sentencing. *Kimbrough*, 128 S. Ct. at 564.

*United States v. Herder*, 594 F.3d 352, 362 (4th Cir. 2010).

2011 WL 2036704, at *5 (E.D.N.C. 24 May 2011). Accordingly, the mere allegation that counsel did not request a variance under *Kimbrough* is insufficient to show that counsel's representation fell below an objective standard of reasonableness.[5] Such conclusory allegations are inadequate to overcome the strong presumption that counsel's performance was objectively reasonable. *See Hunter*, 2010 WL 2696840, at *3. Petitioner's allegations thereby fail to satisfy the first prong of *Strickland*.

Neither has petitioner adequately alleged that he was prejudiced by counsel's failure to request the variance in satisfaction of the second prong of *Strickland*. Petitioner's sole allegation that had counsel moved for the variance, petitioner "would have received" a lower sentence is, again, conclusory. Accordingly, the court concludes that petitioner has failed to adequately plead this ineffective assistance of counsel claim and, consequently, the government's motion to dismiss this claim should be allowed.

Notwithstanding petitioner's failure to adequately plead this claim, a review of the record in this matter reveals that it is without merit. Petitioner mistakenly assumes that the court was precluded from imposing a lower sentence on the basis of *Kimbrough* without a specific request by petitioner. Regardless of whether petitioner's counsel expressly sought a *Kimbrough* variance, the court would have nevertheless addressed the issue when considering, as it was required to do, the factors under 18 U.S.C. § 3553(a).[6] In fact, the Supreme Court's approval of

---

[5] The court notes that counsel did make several challenges to the guideline range proposed by the United States Probation Office. Specifically, counsel challenged the proposed enhancement of petitioner's sentence on the grounds of: firearm possession (*see* Presentence Report (D.E. 26) ("PSR") Addend. ¶ 3); taking a leadership role in the conspiracy (*id*. ¶ 4); and obstruction of justice (*id*. ¶ 5).

[6] The factors the court must consider include the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--

7

the district court's deviation from the Guidelines range in *Kimbrough* was based on the district court's having appropriately determined that the 100:1 ratio used by the Guidelines "created an unwarranted disparity within the meaning of § 3553(a)" under the facts of the case and having "appropriately framed its final determination in line with § 3553(a)'s overarching instruction to

---

      (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
      (B)    to afford adequate deterrence to criminal conduct;
      (C)    to protect the public from further crimes of the defendant; and
      (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3)    the kinds of sentences available;
(4)    the kinds of sentence and the sentencing range established for--
      (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
            (i)    issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
            (ii)    that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
      (B)    in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5)    any pertinent policy statement--
      (A)    issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
      (B)    that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7)    the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

'impose a sentence sufficient, but not greater than necessary,' to accomplish the sentencing goals advanced in § 3553(a)(2)." *Kimbrough*, 552 U.S. at 110-11. At petitioner's sentencing hearing, the court expressly referenced its review of petitioner's sentencing memorandum and its intention to consider the evidence and arguments presented at the hearing when it addressed the relevant factors under 18 U.S.C. § 3553(a). (*See* Sent. Transcript ("Sent. Tr.") (D.E. 48) 54:22-25). The court later noted that it was "fashion[ing] a sentence that's sufficient, but not greater than necessary, to comply with the purposes of sentencing." (*Id*. at 65:13-15). The court went on to identify particular purposes of sentencing underlying the sentence. (*Id*. at 65:15-19).

Further, there is nothing in the record of this case to suggest that the court was unaware of its option to depart from the Guidelines based on its disagreement with the 100:1 ratio. Moreover, the sentencing judge expressly indicated her awareness of the court's discretion under *Kimbrough* when conducting sentencing proceedings both before and after petitioner's sentencing. *See Roberson v. United States*, Nos. 5:07-CR-314-FL, 5:09-CV-104-FL, 2011 WL 5101573 (E.D.N.C. 26 Oct. 2011) (sentencing on 5 Mar. 2008) (dismissing a § 2255 claim that petitioner received ineffective assistance of counsel where counsel failed to move for a variance under *Kimbrough* on the grounds that "[a]t sentencing, the court was well aware of the non-mandatory nature of the sentencing guidelines and its discretion pursuant to *Kimbrough*, and imposed a sentence it deemed reasonable given all of the circumstances"); *Jones v. United States*, Nos. 5:08-CR-290-FL-1, 5:11-CV-370-FL, 2011 WL 6780786, at *6 (E.D.N.C. 27 Dec. 2011) (sentencing on 11 Mar. 2009) ("The court was well acquainted with *Kimbrough* and its implications for the already non-mandatory guidelines. Likewise, as is clear from the record, the court considered a low-end guidelines range sentence to be appropriate in this case based upon its weighing of the factors in 18 U.S.C. § 3553(a), including the seriousness of the offense and

9

the more commendable aspects of petitioner's character, experience, family support, and potential for rehabilitation.").

For the foregoing reasons, the court concludes that petitioner has failed to state a claim for ineffective assistance of counsel on the grounds that counsel did not request a variance under *Kimbrough*, and it will accordingly be recommended that this claim be dismissed. Alternatively, this claim is subject to dismissal on the ground that it is without merit.

**IV.     Ineffective Assistance of Counsel for Failure to Challenge the Quantity of Drugs Attributed to Petitioner (Grounds 2 and 3)**

In his next two claims, petitioner asserts that he received ineffective assistance because counsel failed to adequately challenge the amount of drugs attributed to him. Specifically, he contends that counsel failed to argue for a decrease in drug weight at the sentencing hearing (Ground 2), failed to call petitioner to testify on this issue at the sentencing hearing (Ground 2), and failed to investigate any of the government's witnesses who attributed drug amounts to him (Ground 3). He summarily asserts that, had counsel done so, he would have received a sentence that was 47 months less and that he would not have received an enhancement due to his leadership role in the charged conspiracy. As with the prior claim discussed, petitioner has failed to allege any facts in support of these claims. Specifically, he has provided no explanation as to why the amount of drugs attributed to him was in error, what testimony he would have provided to show any such error, or what basis counsel would have had for further investigation of government witnesses. Because petitioner has failed to adequately plead these claims, it will be recommended that they be dismissed.

## V. Ineffective Assistance of Counsel for Failure to Withdraw from Her Representation of Petitioner to Provide Testimony on Petitioner's Behalf (Ground 4)

Petitioner's final claim is that he received ineffective assistance of counsel due to counsel's failure to withdraw her representation and provide testimony regarding statements made to her by Lovie Jackson Burch ("Burch"), a Deputy Sheriff with the Halifax County Sheriff's Office (Sent. Tr. 9:11 to 10:3), who was involved in the investigation of petitioner. Petitioner asserts that counsel's testimony "would have proved [he] was innocent of obstruction of justice," for which he received a two-point sentence enhancement. (Pet. 8). Once again, petitioner has failed to plead facts that would suggest any basis to conclude that counsel's actions would satisfy either of the *Strickland* prongs for ineffective assistance of counsel. Accordingly, the government's motion to dismiss this claim should be allowed.

Nevertheless, a review of the record reveals that this claim is without merit. Petitioner received a two-level enhancement for obstruction of justice on the grounds that he had gone to the home of Ashley Brooke Walters and threatened to harm her, her fiancé, and her child if he confirmed that her fiancé had been assisting law enforcement. (PSR ¶¶ 14, 39; Sent. Tr. 54:5-11). Petitioner's counsel objected to this proposed enhancement on the grounds that petitioner did not make the threat himself, but merely confirmed a threat made by a third party in response to an inquiry initiated by Walters. (Pet.'s Mot. to Compel (D.E. 24) 2; Sent. Mem. (D.E. 33-3) 3 ¶ 4; PSR Addend. ¶ 5; Sent. Tr. 21:2-17). Counsel further represented to the court that Burch had made statements to her indicating that, after further investigation, he did not believe Walters felt threatened. (Mot. to Compel (D.E. 24) 2; Sent. Tr. 21:17-25). Counsel asserted that were the court to hear only Burch's testimony on this matter, it would put her in the position of being a witness for petitioner and, accordingly, requested that Walters, herself, be required to testify. (Mot. to Compel (D.E. 24) 2; Sent. Tr. 22:5-7). The court agreed that Walters' testimony was

necessary, stating that it "didn't want to make a decision based on a misunderstanding or a mischaracterization as between the agent and defense counsel at the jail." (Sent. Tr. 48:25 to 49:3). During Burch's testimony, counsel was able to thoroughly cross-examine Burch on what he had discussed with counsel on the issue. (*Id*. at 25:4 to 32:25). Based on the testimony of both Burch and Walters, the court found that petitioner had threatened Walters. (*Id*. at 54:5-11).

In light of the significant efforts that counsel made to rebut the allegation that petitioner had threatened Walters, and the testimony of both Burch and Walters that he had done so, petitioner's assertion that counsel provided ineffective assistance for failing to take the drastic step of withdrawing her representation at sentencing to testify as to what she discussed with Burch is wholly without merit. Accordingly, even assuming petitioner had adequately pled this claim, it is subject to dismissal on this alternative ground.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the government's motion to dismiss (D.E. 65) be GRANTED and that the petition (D.E. 62) be DISMISSED.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to the respective parties or, where applicable, their counsel, who shall have until 9 June 2014 in which to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Responses to any objections shall be filed within 14 days after service thereof, unless otherwise ordered by the court.

SO ORDERED, this the 22nd day of May 2014.

_____
James E. Gates
United States Magistrate Judge

13
Case 4:08-cr-00038-FL   Document 74   Filed 05/22/14   Page 13 of 13