IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:08-CR-38-FL-1
No. 4:11-CV-151-FL

| | |
|---|---|
| DEVINO PATERA PUTNEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge James E. Gates (DE 74), regarding the government's motion to dismiss (DE 65) petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("motion to vacate") (DE 62). Petitioner timely filed objections to the M&R, and the deadline for the government's response has expired. The matter is ripe for ruling. For reasons given, the court will ADOPT the recommendation given in the M&R, and GRANT the government's motion to dismiss.

**BACKGROUND**

The government filed a two-count indictment against petitioner on May 28, 2008. Count One charged petitioner with conspiring to unlawfully distribute and possess with the intent to distribute 50 grams or more of cocaine base (crack), five kilograms or more of powder cocaine, and more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) 846. Count Two

charged petitioner with distributing 50 grams of cocaine base (crack), and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1).

Pursuant to a plea agreement entered August 5, 2008, petitioner pleaded guilty to the first count. At sentencing on December 10, 2008, the court dismissed Count Two and sentenced petitioner to 235 months imprisonment and five years supervised release. Judgment entered that same day, and petitioner filed an appeal one day later, challenging a three-level enhancement applied to his sentence under section 3B1.1(b) of the United States Sentencing Guidelines for his role as a "manager or supervisor" of an activity involving five or more participants ("role enhancement"). The Fourth Circuit dismissed the appeal, holding that petitioner had waived his right to appeal in the plea agreement. United States v. Putney, 377 F. App'x 302, 303 (4th Cir. 2010).

Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 on October 11, 2011. As grounds for relief, petitioner asserts that his counsel provided ineffective assistance for (1) failing to raise a crack/powder cocaine disparity issue under Kimbrough v. United States, 552 U.S. 85 (2007); (2) failing to challenge the drug quantity attributed to petitioner or to call petitioner to testify on this issue at sentencing; (3) failing to investigate the government witnesses who provided information used to establish the drug amounts attributed and to establish petitioner's role enhancement; and (4) failing to withdraw from representing petitioner in order to testify on petitioner's behalf with respect to an enhancement applied for obstruction of justice. The government moved to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6). The M&R was entered on May 22, 2014, recommending that the court grant respondent's motion to dismiss and deny petitioner's motion to vacate.

## COURT'S DISCUSSION

A.  Standard of Review

Rule 12 of the Rules Governing Section 2255 Proceedings ("Habeas Rules") states that, "[t]he Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In a section 2255 proceeding the court may consider "the files and records of the case," as well as the pleadings, in deciding whether to dismiss a petitioner's motion. 28 U.S.C. § 2255(b); See Rule 4(b), Rules Governing Section 2255 Proceedings ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . .").

A claim is stated under Rule 12(b)(6) if the pleading contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable" to the non-moving party but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). The court may "designate a magistrate judge to submit . . . proposed findings of fact and recommendations for

3

the disposition" of a variety of motions. 28 U.S.C. § 636(b)(1)(B). A party may object to the magistrate judge's proposed findings by filing "written objections which ... specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection." Local Civil Rule 72.4(b). The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.   Analysis

Petitioner has lodged two objections to the M&R, both premised on a claim for ineffective assistance of counsel. First, he objects that counsel was ineffective for failing to challenge drug amounts attributed to him by William Bottoms, a co-conspirator. Second, he objects that counsel was ineffective for failing to "investigate" Bottoms with respect to the role enhancement.

A successful claim for ineffective assistance of counsel requires a petitioner to satisfy a two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984), by showing that "(1) counsel's performance was deficient, and (2) there is a reasonable probability that the deficiency prejudiced the defense." Merzbacher v. Shearin, 706 F.3d 356, 363 (4th Cir. 2013); see also Strickland, 466 U.S. at 687-88, 694. The first prong is met only where counsel's performance falls "below an objective standard of reasonableness." Strickland, 466 U.S. at 688. "To eliminate the distortions of hindsight, a court must evaluate counsel's performance from counsel's perspective at the time."

4

Hunt v. Lee, 291 F.3d 284, 289 (4th Cir. 2002). "There is a "strong presumption" that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. To show prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694.

1. Drug Amounts

In his first objection, petitioner alleges that Bottoms gave general estimations of the amounts and times of transactions, and that the court failed to use the most conservative figures from these statements when it calculated the total amount of drugs involved in the offense. He alleges that "the court needs to recalculate the drug amounts that Bottoms attributes to him from the alleged 31 kilos to 17 kilos of cocaine so the Petitioner could get the benefit of the conservative amount." (Resp., 4, DE 75). He also alleges that Bottoms's statements "were used to help create drug weight for [co-conspirator] Mr. [Michael] Carroll as well[,] this being represented by the fact of the presentence report not double counting their amounts." (Id.). Under a "proper calculation," petitioner alleges, the total amount of cocaine involved in his offense would fall from 48.44 kilograms to 34.44 kilograms. (Id.).[1] Petitioner's first objection fails because, even if drug amounts were attributed according to the "conservative amount" he alleges, it would not have changed the sentence he received.

In the PSR, petitioner was held accountable for 48.44 kilograms of cocaine, 73 grams of crack, and 240 pounds of marijuana. (PSR, 10, DE 26). Under the guidelines and conversions in

---

[1] As an initial matter, the court notes that the 31 kilograms attributed to Bottoms was not used to establish the total drug quantity attributed to petitioner, to avoid the possibility of double counting. (PSR, 10). However, for the purposes of this analysis the court will assume that petitioner's calculation of drug quantity is correct, as petitioner appears to allege that Bottoms's statements were also the basis of the drug quantity attributed to Carroll, and because the court holds that petitioner's sentence would not have changed even if the court had calculated the total amount of cocaine as petitioner alleges.

5

effect at the time of his sentencing,[2] these drugs combined yielded a marijuana equivalency of 11,256.86 kilograms.[3] (Id.). Section 2D1.1(c)(2) set a base offense level of 36 for offenses involving at least 10,000 kilograms of marijuana equivalency. However, the 2008 Sentencing Guidelines, Application Note 10(D)(i) to section 2D1.1, advised courts in cases involving crack to "reduce the combined offense level by 2 levels." U.S.S.G. § 2D1.1, n. 10(D)(i) (2008). Thus, petitioner's base offense level was dropped to 34. (PSR, 10).

Application Note 10(D) to section 2D1.1, however, also provided an exception where the two-level reduction would not apply, specifically in cases where it would "result[ ] in a combined offense level that is less than the combined offense level that would apply . . . if the offense involved only the other controlled substance(s) (i.e., the controlled substance(s) other than cocaine base)." U.S.S.G. § 2D1.1, n. 10(D)(ii)(II). As petitioner's drug amounts were originally calculated, his case did not meet the circumstances of this exception. This is because without the quantity of crack, the marijuana equivalency of the other controlled substances (the cocaine and marijuana) attributed to petitioner would have been 9,796.86 kilograms,[4] and petitioner's offense level would have been only 34. U.S.S.G. § 2D1.1(c)(3) (setting a base offense level of 34 to offenses at least 3,000 kg but less than 10,000 kg of marijuana). Therefore, because the two-level reduction under Application Note

---

[2] Petitioner's PSR, which the court adopted without change, used the 2007 edition of the U.S. Sentencing Commission Guidelines Manual, but also incorporated amendments effective at the time it was filed on October 27, 2008. (PSR, 10; DE 26); (Statement of Reasons, 1; DE 43) (adopting PSR without change). As noted, petitioner was sentenced December 10, 2008. The 2008 Sentencing Guidelines Manual incorporated the amendments effective at the time of the PSR's filing, and additional amendments incorporated into the 2008 Sentencing Guidelines Manual, made effective November 1, 2008, are not relevant to petitioner's objection. See U.S. Sentencing Commission Guidelines Manual, App. C, Amend. 717-725. Thus, for ease of reference, the court cites herein to the 2008 Sentencing Guidelines Manual.

[3] The 2008 Sentencing Guidelines provided that "1 gm of cocaine = 200 gm of marihuana," "1 gm Cocaine Base ('Crack') = 20 kg of marihuana." U.S.S.G. § 2D1.1, n. 10(E) (2008). In addition, one pound of marijuana converts to 453.6 grams. Thus, 48.44 kg cocaine = 9,688 kg of marijuana; 73 g crack = 1,460 kg of marijuana; and 240 pounds marijuana = 108.86 kg marijuana. All added together amounts to 11,256.86 kg of marijuana.

[4] 9,688 kg + 108.86 kg = 9,796.86 kg.

6

10(D)(i) also called for a combined offense level of 34, which is the same level that would be applied without the crack, the exception did not apply and petitioner's base offense level was calculated to be 34. (PSR, 10).

Accepting petitioner's allegations as true, he would have been held accountable for 8,456.86 kilograms of marijuana, warranting a base offense level of 34.[5] Without the quantity of crack, he would have been accountable for 6,9996.86 kilograms of marijuana, thus, still warranting a base offense level of 34.[6] Accordingly, applying the two-level reduction for offenses involving crack would have resulted in a combined offense level of 32, "a combined offense level that [would be] less than the combined offense level that would apply . . . if the offense involved only the other controlled substances." U.S.S.G. § 2D1.1, n. 10(D)(ii)(II) (2008). Therefore, the exception to the two-level reduction would have applied, and petitioner's sentence would still have had a base level of 34. U.S.S.G. § 2D1.1, n. 10(D)(ii)(II) (2008).[7]

Because petitioner's base offense level would have remained the same whether or not he was given the benefit of the conservative estimates of drug amounts that he allegedly should have received, counsel's failure to object was not prejudicial to petitioner's case. Petitioner's first objection thus fails to allege facts sufficient to satisfy the second of the Strickland test for ineffective assistance. Strickland, 466 U.S. at 688-89, 694. It is therefore not necessary to address the

---

[5] At an equivalency of 200 grams of marijuana per gram of cocaine, 34.44 kg cocaine = 6,888 kg of marijuana. 6,888 kg + 1,460 kg + 108.86 kg = 8,456.86 kg of marijuana.

[6] 6,888 kg + 108.86 kg = 6,996.86 kg of marijuana.

[7] Petitioner asserts that the total amount of drug weight should have been 5,551 kilograms of marijuana equivalency. As noted above in footnote five, the record does not support this assertion. However, even if 5,551 kilograms is a correct calculation, the analysis would be the same. This amount of marijuana equivalency still warranted a base offense level of 34. U.S.S.G. § 2D1.1(c)(3). Without the 1,460 kilograms of marijuana attributed by crack, he still would have been attributed with 4,091 kg of marijuana equivalency, and a base offense level of 34. Thus, the exception to the two-level would have applied.

7

reasonableness of counsel's failure to raise this objection.

    2.       Role Enhancement

Petitioner's second objection requires less arithmetic. Alleging that his leadership enhancement was based solely on Bottoms's statements, he argues that counsel should have "further investigated" Bottoms after receiving documentation showing that petitioner did not recruit or direct Bottoms in the conspiracy. (Resp., 5). He also objects that his counsel failed to inquire as to why he received a three-level enhancement for his role under section 3B1.1(b) of the Sentencing Guidelines, rather than a two-level enhancement under section 3B1.1(c). (Resp., 6).

An attorney "has a duty to make reasonable investigations or make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. However, "an allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."; Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996); Bassette v. Thompson, 915 F.2d 932, 940–41 (4th Cir.1990) (stating that appellant's failure to "advise . . . of what an adequate investigation would have revealed or what these witnesses might have said, if they had been called to testify" was fatal to his ineffective assistance of counsel claim). Petitioner fails to allege what any "investigation" of Bottoms would have revealed, thus his objection on this ground fails to allege sufficient facts to support his claim of ineffective assistance.

Nor was counsel ineffective in failing to specifically inquire into why petitioner received a three-level, rather than a two-level, enhancement. Petitioner states that he "is not disputing the fact that there was [sic] five or more people in the conspiracy, but <u>why</u> was the extra point added to the enhancement and <u>why</u> counsel failed to inquire about this at sentencing." (Resp., 5). However, the

8

primary distinction between two and a three-level enhancement under the sentencing guidelines is whether the "criminal activity involved five or more participants or was otherwise extensive." Compare U.S.S.G. § 3B1.1(b) with Section 3B1.1(c) (2008).

Petitioner cites an unpublished Fourth Circuit case reviewing a district court decision that applied a two-level enhancement for a leadership role, even though evidence indicated that more than five people were involved. (Resp., 5) (citing United States v. Normil, No. 94-5830, U.S. App. LEXIS 31894, 1997 WL 705373 (4th Cir. Nov. 13, 1997)). The information on which petitioner relies comes from the court's discussion of the case history. which does not detail the reasons why the district court applied the two-level enhancement rather than a three-level enhancement. Normil, U.S. App. LEXIS 31894, at * 7-9, 19-21, 1997 WL 705373, *1-3, 6-7. The actual legal analysis of this decision did not address the difference between a two and three-level enhancement, but rather held that there was no evidence to show that the defendant played the role of a leader over five people, or participated in a greater amount of the proceeds. Normil, U.S. App. LEXIS 31894, at *21, 1997 WL 705373, at *7. Thus, the part of this opinion on which petitioner relies is dicta. Dicta from an unpublished Fourth Circuit opinion is not enough to overcome the "strong presumption" that "counsel's conduct falls within the wide range of reasonable professional assistance." See Strickland, 446 U.S. at 689.

Furthermore, counsel argued extensively against petitioner's leadership enhancement at sentencing, asserting that the enhancement should not apply because Bottoms's motion for departure had failed to name petitioner as his recruiter into the drug conspiracy, and because Bottoms played a larger role in the conspiracy than petitioner. (Tr., 6:13-20:14; 47:16-53:12, DE 48). Counsel is not required to make arguments or motions in precisely the manner that petitioner would have him

9

make them. "With the benefit of hindsight, rarely can it be said that trial counsel made every possible objection and raised every conceivable viable legal argument. The law, however, requires not perfect but only professionally reasonable performance of counsel." Poyner v. Murray, 964 F.2d 1404, 1423 (4th Cir.1992) (citing Strickland, 466 U.S. at 669). Petitioner's objection is overruled.

D.   Certificate of Appealability

A section 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001) (quoting Slack, 529 U.S. at 484).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and that none of the issues presented by petitioner are

10

adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court overrules petitioner's objections. The court thus ADOPTS the recommendations contained in the M&R (DE 74). The court DENIES petitioner's motion (DE 62), and GRANTS respondent's motion (DE 65). A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 18th day of July, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge